## Mount Sharon Cemetery Charter.

*Corporations—Cemetery companies—Place of business—Validity of charter—Attack by individual—Quo warranto by State.*

1. Where the court of common pleas has entered a decree granting a charter, the company is a de facto corporation, and the validity of its formation can be attacked only by the attorney general.

2. It seems that, in an application for a charter, the place at which the business is to be carried on should be definitely fixed in a municipality or district having a post office through which communication with the corporation may be had. The designation of a county is insufficient.

Argued February 5, 1923. Appeal, No. 239, Jan. T., 1923, by Mary E. Moran et al., from decree of C. P. Delaware Co., June T., 1922, No. 1030, overruling exceptions to application for charter, in re Mount Sharon Cemetery. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to application for charter. Before BROOMALL, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Mary E. Moran et al., exceptants, appealed.

*Error assigned* was dismissing second exception, quoting portion of opinion relating thereto.

*Howard M. Lutz,* for appellant.

*Horace Paul Dorman,* was not heard.

PER CURIAM, March 12, 1923:

Application was made under the provisions of the Act of 1874, to the Court of Common Pleas of Delaware County, by five citizens of Pennsylvania, all of whom

were residents of the City of Philadelphia, for the incorporation of a cemetery company, with its "place of business in Delaware County." The articles of association were filed in the office of the prothonotary of that county and notice duly given by publication. Exceptions filed to the granting of the charter by appellants, all of whom are residents of Springfield Township, Delaware County, were dismissed by the court below and the charter granted. From that action exceptants appealed, assigning for error failure of the court to sustain the second exception, which was that, in stating in the articles of association that the place where the business of the said corporation is to be transacted is in "the County of Delaware," applicants were not sufficiently explicit to meet the requirements of the statute. That question we cannot consider and determine in this proceeding for the reason appellants as individuals are without standing to impeach the validity of the charter. We must therefore dismiss the appeal. The company being at least a de facto corporation, the validity of its formation can be attacked only through the attorney general: Hooven Mercantile Co. v. Evans Mining Co., 193 Pa. 28, 33; Phila. & Merion Rys. Petition, 187 Pa. 123, 129.

In view of the conclusion reached above, consideration of the question raised by the assignment of error becomes unnecessary. However, by way of suggestion, it may not be amiss to state that in the formation of corporations the place at which the business is to be carried on should be definitely fixed, i. e., in a municipality having a post office through which communication with the corporation may be had. In the present case the County of Delaware contains within its borders a city of the third class, at least twenty-five boroughs and a like number of townships. In which of these the cemetery is proposed to be located or the principal office established does not appear. While, of course, the location of the property to be used for burial purposes may, under certain circum-

stances, be controlled by a court of equity, that fact does not relieve the company from having a definitely located office where persons having business with it may find the proper officers.  This, we think, both the public and the financial officers of the Commonwealth are entitled to have.

For the reason first given above, the appeal is dismissed at costs of appellants.