## Com., ex rel. MacCarter, v. Mount Lawn Cemetery et al.

*William C. Alexander*, for plaintiff; *Samuel A. Montgomery*, for defendant.

BROOMALL, J., August 22, 1930.—On March 7, 1930, the district attorney of this county filed a suggestion setting up, *inter alia*, that the Mount Lawn Cemetery was a corporation of the first class duly chartered by the court of common pleas of this county; that it had failed to set aside a sum equal to at least one-tenth of the gross amount of the funds arising from the sale of lots in its burial ground as provided by its charter; that it was selling lots to undertakers and other middlemen at prices below the resale by such purchasers; that its real estate was encumbered by two mortgages; and that by reason of these facts the charter of the corporation had become null and void and its corporate rights, privileges and franchises forfeited; and prayed the court for a writ of quo warranto to show by what authority the defendants exercised the liberties and franchises of a cemetery company, and why they

should not be ousted therefrom and the said charter declared null and void. On the same day the court allowed a writ of quo warranto, returnable May 1, 1930. To this writ the respondents filed a demurrer, setting out that the court was without jurisdiction; that the person at whose suggestion the writ was issued was not qualified to pray for such writ, having an adequate remedy at law; that the District Attorney of Delaware County had no authority in law to file the suggestion; that the relief in the nature prayed could be only sought by the Commonwealth of Pennsylvania through the Attorney General; and that the facts set forth in the suggestion were not sufficient to justify the granting of the relief prayed for. The matter comes before us on this demurrer.

Stress is laid chiefly on the third reason advanced, to wit, that any proceeding of this nature should be at the instance of the Attorney General of the Commonwealth and not at the instance of the district attorney of this county. We think this objection to the proceeding is well taken. It is true that the exact question raised here has not, so far as we have been able to ascertain, been definitely passed upon by the appellate courts, but the industry of the able and learned counsel for the relator has failed to produce any case in which a proceeding of this kind, instituted at the instance of the district attorney of the county, has been sustained; and while no cases directly passing upon this point have been cited by the respondents, yet in a number of instances the lower courts and the appellate courts have clearly expressed the view that it is only at the instance of the Attorney General that proceedings having for their purpose the forfeiture of the charter of a regularly organized and chartered corporation can be sustained. In the case of Consolidated Stock Exchange of Philadelphia, 31 Pa. C. C. 226, Attorney General Carson expressed the opinion that: "The rights of district-attorneys appear to be confined to cases instituted to test the title to county or township offices and officers not commissioned by the governor." In the case of Christ's Church Charter, 8 Pa. C. C. 28, and in Travaglini v. Societa Italiane, 5 Dist. R. 441, the lower court held that: "An attack on a charter regularly granted may be set up only by quo warranto at the suit of the attorney-general." And the Supreme Court has said: "But even if the objections to the validity of the organization were sustained, these parties have no standing to raise the question of the validity of the organization. We have many times decided that such questions can only be raised by proceedings at the instance of the attorney-general in the nature of a quo warranto to forfeit the charter:" Hooven Mercantile Co. v. Evans Mining Co., 193 Pa. 28, 33.

"The company being at least a de facto corporation, the validity of its formation can be attacked only through the attorney-general:" Mount Sharon Cemetery Charter, 277 Pa. 79, 80.

Even though the questions determined in the last two cases cited were not identical with that before us, yet, in view of this clear expression of the Supreme Court as to the proper procedure, we feel that we would not be justified in sustaining the present proceeding; and as the matter may come before us again in another shape, we deem it inadvisable at this time to express any opinion on the merits of the case apart from the question of procedure.

And now, August 22, 1930, the demurrer is sustained, and the writ of quo warranto heretofore granted is discharged, at the costs of Margaret M. Walton, the person at whose instance the district attorney filed his suggestion and affidavit.

From William R. Toal, Media, Pa.